## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| ETHAN RADVANSKY, on behalf of himself, and others similarly situated,, <br><br> **Plaintiff,** <br><br> **v.** <br><br> BUBOLO MEDICAL, LLC, <br><br> **Defendant.** | CIVIL ACTION FILE NO. <br><br> **1:24-cv-04365-SCJ** |

## ORDER

This action is before the Court on Defendant's Motion to Dismiss and alternative Motion for a Stay of Proceedings. Doc. No. [12]. Plaintiff has filed a response in opposition (Doc. No. [13]), and Defendant has filed a reply brief (Doc. No. [14]).

## I.     BACKGROUND

Plaintiff, individually and on behalf of all others similarly situated, filed a putative class action against Defendant for violations of the Telephone Consumer Protection Act ("TCPA"). Doc. No. [1]. Plaintiff alleges that despite registering his cellular telephone with the do-not-call registry, Defendant delivered text

messages to his telephone number for the purpose of advertising and marketing Defendant's business. Id. at ¶¶ 8–16.

Defendant has moved to dismiss the claim under Rule 12(b)(6).[1] Doc. No. [12]. Specifically, Defendant argues that Plaintiff fails to state a claim for relief because there are insufficient facts to show that Plaintiff's telephone number was a residential number or that Plaintiff was a residential telephone subscriber as required by the TCPA.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pleadings do not require any particular technical form and must be construed "so as to do justice." Fed. R. Civ. P. 8(d)(1), (e). Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss for

---

[1] Defendant alternatively moved to stay this action until the United States Supreme Court decides McLaughlin Chiropractic Assocs. Inc. v. McKesson Corp., (No. 23-1226). The Supreme Court issued its decision in McLaughlin on June 20, 2025. McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp., 606 U.S. 146 (2025). Therefore, the request to stay is moot.

failure to state a claim, the Court accepts the factual allegations made in the complaint as true and construes them in the light most favorable to the plaintiff. Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. For Disease Control & Prevention, 623 F.3d 1371, 1379 (11th Cir. 2010).

As the purpose of Rule 8(a) is simply to provide notice to the defendants of the nature of the claims and the grounds on which those claims rest, pleadings are generally given a liberal reading when addressing a motion to dismiss. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). A complaint will be dismissed for failure to state a claim only if the facts as pled do not state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Twombly, 550 U.S. at 555–56. To state a plausible claim, a plaintiff need only plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "[W]hile notice pleading may not require that the pleader allege a specific fact to cover every element or allege with precision each element of a claim, it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Fin. Sec. Assur., Inc. v. Stephens, Inc., 500 F.3d 1276, 1282–83 (11th Cir. 2007) (quotations omitted). If the facts alleged create a reasonable expectation that discovery will reveal

3

evidence of the necessary elements, a plaintiff's suit should be allowed to continue. Twombly, 550 U.S. at 556; Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295–96 (11th Cir. 2007).

## III.   ANALYSIS

The Motion to Dismiss is based solely on Defendant's argument that the TCPA does not protect cellular telephone subscribers, only residential telephone subscribers. Doc. No. [12-1]. Notably, however, Plaintiff alleged that he uses his cellular telephone a personal residential telephone and not for business or commercial purposes. Doc. No. [1], ¶¶ 9–10.

As recently explained by Chief District Judge May, whether a cellular telephone user is a "residential subscriber" for  purposes of the TCPA was well-settled before the Supreme Court's decision in McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp., 606 U.S. 146 (2025). Isaacs v. USHealth Advisors, LLC, No. 3:24-CV-00216-LMM, 2025 WL 2268359, at *2 (N.D. Ga. Aug. 7, 2025). In 2003, the Federal Communications Commission ("FCC") issued a report and order holding that cell phone users are "residential subscribers" under the meaning of the TCPA. In re Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991, 18 F.C.C. Rcd. 14014, 14038–39 (2003). Thereafter, courts readily accepted the FCC's order as binding, and rejected arguments that cellular phones fell

outside the scope of the TCPA's protections. See, e.g., Radvansky v. Kendo Holdings, Inc., 744 F. Supp. 3d 1314, 1319 (N.D. Ga. 2024) (holding that the FCC's final order was not reviewable, given the Eleventh Circuit's interpretation of the Hobbs Act). In McLaughlin, however, the Supreme Court held that the Hobbs Act does not preclude district courts from disagreeing with the FCC's interpretations of the TCPA. McLaughlin, 606 U.S. at 162–63. Thus, after McLaughlin, this Court must independently—and without deference to the FCC's decision—evaluate Defendant's argument that Plaintiff's concession that the violative calls were placed to his cellular phone rather than to a residential telephone precludes his TCPA claim.

The TCPA authorized the FCC to create a single, national data base of telephone numbers for "residential subscribers who object to receiving telephone solicitations." 47 U.S.C. § 227(c). Under this authority, the FCC prohibits telephone solicitations to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry." 47 C.F.R. § 64.1200(c)(2). Therefore, to have a claim here Plaintiff must be "a residential telephone subscriber."

Defendant cites caselaw from District Courts in other Circuits that have concluded that the TCPA does not encompass cellular telephones. Doc. No. [12-

1], 13–15. However, this Court agrees with the <u>Isaacs</u> decision in which Judge May concluded that the type of technology—i.e., cellular or landline—is not determinative. <u>Isaacs</u>, No. 3:24-cv-00216-LMM, 2025 WL 2268359, at *3.

Here, Plaintiff alleged that he uses his cellular telephone as his personal residential telephone number and does not use it for business or commercial purposes. Doc. No. [1], ¶¶ 9–10. Therefore, this Court concludes that Plaintiff is a "residential telephone subscriber" regardless of the type of technology he relies on for receiving and making personal residential calls. As such, the fact that the solicitations to a telephone number on the do-not-call registry came to a cellular telephone does not preclude Plaintiff's claim for a violation of the TCPA.

## IV. CONCLUSION

Based on the foregoing, Defendant's Motion to Dismiss and alternative Motion to Stay (Doc. No. [12]) are **DENIED**.

**IT IS SO ORDERED** this 15th day of August, 2025.

/s/ Steve C. Jones
**HONORABLE STEVE C. JONES**
**UNITED STATES DISTRICT JUDGE**