# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

ETHAN RADVANSKY, on behalf of himself and others similarly situated,

    Plaintiff,

v.

BUBOLO MEDICAL, LLC,

    Defendant.

_____/

CASE NO.: 1:24-cv-04365-SCJ

## DEFENDANT BUBOLO MEDICAL, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Bubolo Medical, LLC ("Bubolo"), by and through undersigned counsel, hereby submits its Answer and Affirmative Defenses in response to Plaintiff Ethan Radvansky's Class Action Complaint, Dkt. No. 1 (the "Complaint").

## ANSWER

## NATURE OF THIS ACTION

1. Paragraph 1 of the Complaint consists of legal conclusions, to which no response is required. To the extent a response is required, Bubolo denies the allegations contained in Paragraph 1 of the Complaint.

2. Bubolo denies the allegations contained in Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3.     Bubolo admits that this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

4.     Paragraph 4 of the Complaint consists of legal conclusions, to which no response is required. To the extent a response is required, Bubolo denies the allegations contained in Paragraph 4 of the Complaint.

5.     Paragraph 5 of the Complaint consists of legal conclusions, to which no response is required. To the extent a response is required, Bubolo denies the allegations contained in Paragraph 5 of the Complaint.

## PARTIES

6.     Bubolo is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint, and therefore denies the same.

7.     Bubolo admits the allegations contained in Paragraph 7 of the Complaint.

## FACTUAL ALLEGATIONS

8.     Bubolo is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint, and therefore denies the same.

9.     Bubolo is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the

Complaint, and therefore denies the same.

10. Bubolo is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint, and therefore denies the same.

11. Bubolo is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint, and therefore denies the same.

12. Bubolo denies the allegations contained in Paragraph 12 of the Complaint.

13. Bubolo is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint, and therefore denies the same.

14. Bubolo denies the allegations contained in Paragraph 14 of the Complaint.

15. Bubolo is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint, and therefore denies the same.

16. Bubolo denies the allegations contained in Paragraph 16 of the Complaint.

17. Paragraph 17 of the Complaint consists of legal conclusions, to which no response is required. To the extent a response is required, Bubolo

denies the allegations contained in Paragraph 17 of the Complaint.

18.     Bubolo is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint, and therefore denies the same.

19.     Paragraph 19 of the Complaint consists of legal conclusions, to which no response is required. To the extent a response is required, Bubolo denies the allegations contained in Paragraph 19 of the Complaint.

20.     Bubolo denies the allegations contained in Paragraph 20 of the Complaint.

## CLASS ACTION ALLEGATIONS

21.     Bubolo admits that Plaintiff purports to bring this action as a class action and attempts to define a class, but denies that a class can be certified or, if certified, would result in a class where liability under the TCPA would be imposed against Bubolo. Accordingly, Bubolo denies the allegations contained in Paragraph 21 of the Complaint.

22.     Paragraph 22 of the Complaint consists of legal conclusions, to which no response is required. To the extent a response is required, Bubolo denies the allegations contained in Paragraph 22 of the Complaint.

23.     Bubolo denies the allegations contained in Paragraph 23 of the Complaint.

24.     Bubolo denies the allegations contained in Paragraph 24 of the

Complaint.

25. Bubolo denies the allegations contained in Paragraph 25 of the Complaint.

26. Bubolo denies the allegations contained in Paragraph 26 of the Complaint.

27. Bubolo denies the allegations contained in Paragraph 27 of the Complaint.

28. Bubolo denies the allegations contained in Paragraph 28 of the Complaint.

29. Bubolo denies the allegations contained in Paragraph 29 of the Complaint.

30. Bubolo denies the allegations contained in Paragraph 30 of the Complaint.

31. Bubolo denies the allegations contained in Paragraph 31 of the Complaint.

32. Bubolo denies the allegations contained in Paragraph 32 of the Complaint.

33. Bubolo denies the allegations contained in Paragraph 33 of the Complaint.

34. Bubolo denies the allegations contained in Paragraph 34 of the Complaint.

35. Bubolo denies the allegations contained in Paragraph 35 of the Complaint.

36. Bubolo denies the allegations contained in Paragraph 36 of the Complaint.

37. Bubolo denies the allegations contained in Paragraph 37 of the Complaint.

38. Bubolo denies the allegations contained in Paragraph 38 of the Complaint.

39. Bubolo denies the allegations contained in Paragraph 39 of the Complaint.

40. Bubolo denies the allegations contained in Paragraph 40 of the Complaint.

41. Bubolo denies the allegations contained in Paragraph 41 of the Complaint.

42. Bubolo denies the allegations contained in Paragraph 42 of the Complaint.

43. Bubolo denies the allegations contained in Paragraph 43 of the Complaint.

44. Bubolo denies the allegations contained in Paragraph 44 of the Complaint.

45. Bubolo denies the allegations contained in Paragraph 45 of the

Complaint.

46. Bubolo denies the allegations contained in Paragraph 46 of the Complaint.

47. Bubolo denies the allegations contained in Paragraph 47 of the Complaint.

48. Bubolo denies the allegations contained in Paragraph 48 of the Complaint.

## Count I
## Violation of 47 U.S.C. § 227(c)(5)

49. Bubolo incorporates its responses to paragraphs 1 through 48 of the Complaint as if fully set forth herein.

50. Paragraph 50 of the Complaint describes *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, to which no response is required. Bubolo respectfully refers the Court to the cited record for the actual language and full context. To the extent the allegations mischaracterize or misconstrue the cited record, Bubolo denies the allegations contained in Paragraph 50 of the Complaint.

51. Paragraph 51 of the Complaint consists of legal conclusions, to which no response is required. To the extent a response is required, Bubolo denies the allegations contained in Paragraph 51 of the Complaint.

52. Paragraph 52 of the Complaint describes 47 C.F.R. § 64.1200(c), to

which no response is required. Bubolo respectfully refers the Court to the cited code for the actual language and full context. To the extent the allegations mischaracterize or misconstrue the cited record, Bubolo denies the allegations contained in Paragraph 52 of the Complaint.

53. Paragraph 53 of the Complaint describes 47 C.F.R. § 64.1200(e), to which no response is required. Bubolo respectfully refers the Court to the cited code for the actual language and full context. To the extent the allegations mischaracterize or misconstrue the cited record, Bubolo denies the allegations contained in Paragraph 53 of the Complaint.

54. Paragraph 54 of the Complaint describes 47 U.S.C. § 227(c)(1), to which no response is required. Bubolo respectfully refers the Court to the cited statute for the actual language and full context. To the extent the allegations mischaracterize or misconstrue the cited record, Bubolo denies the allegations contained in Paragraph 54 of the Complaint.

55. Bubolo denies the allegations contained in Paragraph 55 of the Complaint.

56. Bubolo denies the allegations contained in Paragraph 56 of the Complaint.

57. Bubolo denies the allegations contained in Paragraph 57 of the Complaint.

## PRAYER FOR RELIEF

Bubolo denies that Plaintiff is entitled to any of the relief requested and Bubolo respectfully requests that this Court enter an order granting judgment in favor of Bubolo and dismissing Plaintiff's Complaint in its entirety with prejudice, together with attorney's fees, costs, and such other and further relief as this Court deems equitable and just.

## **AFFIRMATIVE DEFENSES**

Bubolo relies upon and otherwise preserves the following defenses in defense of Plaintiff's Complaint, and respectfully reserves the right to assert other defenses if facts learned in discovery warrant amendment of Bubolo's Defenses. Accordingly, Bubolo asserts the following Affirmative Defenses:

## **FIRST AFFIRMATIVE DEFENSE**

Plaintiff fails to state a plausible claim upon which relief can be granted under any theory of action because the factual allegations are incomplete and/or do not state a claim for relief under the TCPA against Bubolo.

## **SECOND AFFIRMATIVE DEFENSE**

Plaintiff's damages, if any, and none being admitted, were not caused by Bubolo, but by another person or entity, including Plaintiff, for whom Bubolo is not responsible and over whose activities Bubolo exercises no control and/or has no right to control.

### THIRD AFFIRMATIVE DEFENSE

Bubolo is not vicariously or otherwise liable for the acts of third parties making and/or initiating the complained of text message(s) to Plaintiff. At all relevant times, such third parties were not Bubolo's agents and Bubolo did not exercise direction or control over their actions.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims and those of the other class members' are barred by their consent, prior express invitation, permission to be texted on their cellular and/or residential telephones, established business relationship, prior inquiry, and/or personal relationship with Bubolo or the alleged texters.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims and those of the other class members are barred by the doctrine of estoppel due to his and other class members' consent, existing business relationships, familial relationships, prior express invitation, or other permission to be texted on their cellular and/or residential telephone(s).

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff did not suffer any concrete harm or actual injury. Plaintiff and, if relevant, putative class members, did not suffer any concrete harm separate and apart from a procedural violation of the TCPA, and Plaintiff alleges bare procedural statutory violations divorced from any actual, concrete injury-in-fact. Plaintiff and, if relevant, putative

class members, therefore lacks standing.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred for failure to join necessary and indispensable parties, including but not limited to, any third party that may have actually made or initiated the text messages at issue.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims for treble damages are barred because Bubolo did not engage in knowing or willful misconduct.

## NINTH AFFIRMATIVE DEFENSE

Bubolo states that to the extent any statute was violated as a result of a purported revocation of consent from Plaintiff, Plaintiff's damages, if any, would be limited to the number of purported texts which took place after Plaintiff actually revoked his consent (to the extent he ever did).

## TENTH AFFIRMATIVE DEFENSE

Bubolo complied with all applicable statutory, regulatory, and common law requirements and accordingly, Plaintiff's claims are barred by Bubolo's compliance with all applicable State, Federal, and local laws and regulations, including but not limited to the TCPA, 47 C.F.R. 64.1200.

## ELEVENTH AFFIRMATIVE DEFENSE

Bubolo states that to the extent it engaged in any conduct which may have violated any provision of the TCPA, such violation was unintentional,

11

accidental, and as a result of a bona fide error which occurred notwithstanding the maintenance of procedures reasonably adapted to avoid such error and ensure Bubolo's compliance with all applicable statutory, regulatory, and common law requirements, including but not limited to 47 U.S.C. § 227(b), § 227(c), 47 C.F.R. 64.1200(c), and 47 C.F.R. 64.1200(d). Additionally, Bubolo raises its good faith compliance as a defense to Plaintiff's claims for treble damages for alleged willing or knowing violations of the TCPA.

### TWELTFH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent he was not the "called party" for purposes of the TCPA.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the TCPA violates Bubolo's First Amendment right to free speech. Specifically, the TCPA improperly inhibits the exercise of constitutionally protected speech.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the TCPA, within the context of a class action, is violative of Bubolo's constitutional rights under the Eighth Amendment prohibition against excessive fines and cruel and unusual punishment.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands due to his

and the other class members' consent to be texted on their cellular and/or residential telephones.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff and the other class members have failed to mitigate their damages, if any, based in part on their failure to notify the alleged texters that the alleged texts made to their cellular and/or residential telephone(s) should cease.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of ratification due to Plaintiff's and other class members' failure to timely notify the alleged texters that the texts should cease.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of laches and/or waiver for Plaintiff's and other class members' failure to timely notify the alleged texters that the texts allegedly made to their cellular and/or residential telephone(s) should cease.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of *in pari delicto*. At all relevant times Plaintiff and other class members consented to and/or ratified the text messages complained of in the Complaint, including text messages to their cellular and/or residential telephone number(s).

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because his registration on the National Do-Not-Call registry is invalid as a result of using and/or holding his cellular telephone number out to the public as a business telephone number.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because his registration on the National Do-Not-Call registry is invalid as a result of his cellular telephone number being registered by someone other than himself prior to his acquisition of the cellular telephone number.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because the cellular telephone number which he claims was texted in violation of 47 U.S.C. § 227(c) is and was not a residential telephone subscription, number, or line.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Bubolo is not liable for any violations of 47 C.F.R. 64.1200 because it can demonstrate that any violation is the result of error and that as part of its routine business practice, it meets the standards articulated in 47 C.F.R. 64.1200.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred to the extent the alleged text messages are not telephone solicitations under the TCPA's do-not-call rules and regulations,

including but not limited to 47 U.S.C. § 227(c) and 47 C.F.R. §§ 64.1200(c) and (d).

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by the exceptions provided under the TCPA.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to assert the claims and allegations set forth in the Complaint.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's suit and the claims of any putative class member are barred to the extent they agreed to arbitrate the asserted claim(s) against Bubolo.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Maintenance of this action as a class action is inconsistent with the legislative intent of the TCPA in that the United States Congress intended that claims under the TCPA proceed as individual actions.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's class action suit and the claims of putative class members are barred to the extent Plaintiff and putative class members agreed to waive any participation in a class, including as to the asserted claim(s) against Bubolo.

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims and those of any putative class member are barred to

the extent their telephone number is a cellular telephone number because a cellular telephone line is not a residential telephone line and 47 U.S.C. § 227(c) applies only to residential telephone lines. The 2003 FCC Order that discussed cellular telephone lines falling under the ambit of 47 U.S.C. § 227(c) was incorrectly decided and is not entitled to any deference from the Court. *See Loper Bright Enters. v. Raimondo*, 603 U.S. 36 (2024). Nor does the Hobbs Act preclude this Court's determination as to the correct interpretation of the TCPA. *McLaughlin Chiropractic Associates, Inc. v. McKesson Corp.*, 606 U.S. 146 (2025).

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims and those of any putative class member are barred to the extent text messages are not telephone calls or solicitations for purposes of 47 U.S.C. § 227(c) or the relevant regulations, including but not limited to 47 C.F.R. § 64.1200(c). Any FCC order to the contrary was incorrectly decided and is not entitled to any deference from the Court. *See Loper Bright Enters. v. Raimondo*, 603 U.S. 36 (2024). Nor does the Hobbs Act preclude this Court's determination as to the correct interpretation of the TCPA. *McLaughlin Chiropractic Associates, Inc. v. McKesson Corp.*, 606 U.S. 146 (2025).

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims and those of any putative class member are barred

because Bubolo established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the National Do Not Call Rules.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims and those of any putative class member are barred to the extent they did not register the telephone number at which they claim they received telephone solicitations in violation of the TCPA on the National Do-Not-Call registry.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims and those of the other class members are barred to the extent Bubolo had been given consent, prior express invitation, permission to be texted on their cellular and/or residential telephones and/or there was an established business relationship, prior inquiry, or personal relationship with the prior user of their telephone number(s).

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

As a separate and alternative defense, Plaintiff's Complaint does not describe the claims made against Bubolo with sufficient particularity to enable Bubolo to determine what additional defenses it may have in response to the Complaint.  Bubolo therefore reserves its right to assert any additional defenses which may be applicable once the precise nature of the underlying matters is pleaded or otherwise ascertained through discovery, investigation,

or otherwise.

## **RESERVATION**

Bubolo reserves the right to amend this Answer up and through the time of trial to assert any additional affirmative defenses, when and if, during the course of its investigation, discovery or preparation for trial, it becomes appropriate to assert such affirmative defenses.

WHEREFORE, Defendant Bubolo Medical, LLC respectfully requests that this Court enter judgment against Plaintiff and in favor of Bubolo, dismiss this action with prejudice, award Bubolo its reasonable attorneys' fees and costs incurred in defending this action, and for such other relief this Court deems just and proper.

Dated:  September 12, 2025          Respectfully submitted,

*/s/ Jeffrey A. Backman*
GREENSPOON MARDER LLP
Jeffrey A. Backman (*pro hac vice*)
Roy Taub (*pro hac vice application to follow*)
200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL 33316
Tel: (954) 491-1120
jeffrey.backman@gmlaw.com
roy.taub@gmlaw.com

Geoffrey A. Pette (*pro hac vice*)
Pette P.A.
12565 Orange Drive, Suite 411
Davie, Florida 33330
Telephone: 954-530-6647
Fax: 954-206-0938

Email: geoff@pettepa.com

Jonathan A. Page
InPrime Legal, Division of Page Law, LLC
1640 Powers Ferry Road SE
Building 23, Suite 100
Marietta, GA 30067
Telephone: 770-285-7785
Fax: 770-285-7784
E-mail: jonathan@inprimelegal.com
Georgia Bar No. 481267

*Counsel for Defendant*
*Bubolo Medical, LLC*

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing Motion has been prepared in Century Schoolbook 13, a font and type selection approved by the Court in L.R. 5.1(C).

*/s/ Jeffrey A. Backman*
Jeffrey A. Backman

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on all counsel of record via filing on CM/ECF on September 12, 2025.

*/s/ Jeffrey A. Backman*
Jeffrey A. Backman