## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| Ethan Radvansky, *on behalf of himself and others similarly situated*, | ) Case No.: 1:24-cv-4365-SCJ<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| Bubolo Medical, LLC, | )<br>) |
| Defendant. | )<br>) |
| _____ | ) |

## AMENDED JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

Plaintiff Ethan Radvansky ("Plaintiff") and Defendant Bubolo Medical, LLC ("Defendant") and through undersigned counsel, hereby submit this Joint Preliminary Report and Discovery Plan.

1. **Description of Case:**

   (a) **Describe briefly the nature of this action.**

Mr. Radvansky filed a class action complaint against Bubolo Medical, LLC through which he asserts that the Defendant routinely violated the Telephone Consumer Protection Act ("TCPA") by delivering, or causing to be delivered, text messages to cellular telephone numbers of individuals on the Do Not Call Registry who had no relationship with Defendant, despite that being required by the TCPA.

The Defendant denies engaging in the conduct alleged, denies wrongdoing, denies that the Do-Not-Call provisions of the TCPA apply to Plaintiff's claims,

denies that a class can be certified, and has asserted numerous other affirmative

defenses which preclude the relief requested by Plaintiff.


   **(b)      Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

   <u>Plaintiff's Statement</u>:  Plaintiff maintains that there was no prior relationship

with Defendant, never signed up for any of their offerings or provided consent to be

called.  Nevertheless, it is alleged that text messages like the below we received:



Plaintiff alleges these calls were sent *en masse* to putative class members. The Plaintiff certainly denies that he "engaged in activities that entice third party to send him text messages". This Defendant, similar to several of the other companies who have contacted the Plaintiff due to their failure to use the Reassigned Number Database or other similar tools that would prevent this conduct.

<u>Defendant's Statement</u>:   Plaintiff has filed eleven TCPA lawsuits asserting identical or substantially similar claims over and over again.   He likely engages in activities that entice third party to send him text messages.   The DNC provisions upon which his claims are based do not apply to cellular telephones or text messages. It is believed that Plaintiff recently acquired the cellular telephone number at issue in this case and that the Defendant was contacting its customer – the prior subscriber of that telephone number – as Defendant was permitted to do.   Notably, Plaintiff did not tell the sender that he was a new subscriber to that cellular telephone number. Instead he purposely waited for three text messages to be delivered before replying "Stop" - at which point no further text messages were sent.   Defendant does not send unsolicited text messages to anyone.   It only sends text messages to those who request to be contacted.   It also honors all do not call requests, just as it did when Plaintiff responded "Stop."   Upon information and belief, Plaintiff's conduct here is emblematic of a pattern and a business plan he developed in the hopes of profiting off the TCPA by engaging in activity designed to induce third parties to call and/or text his already-acquired and, in this instance, newly-acquired telephone numbers.

**(c)     The legal issues to be tried are as follows:**

1.     Whether Plaintiff or any similarly situated individuals can establish a claim under the TCPA (47 U.S.C. § 227(c)(5));

2.     Whether this action should be certified as a class action;

3.    Whether Plaintiff or any similarly situated individuals' claims are barred or limited by any defenses Defendant may have; and

4.    Whether Plaintiff or any similarly situated individuals are entitled to damages, and if so, the amount of the damages.

The parties reserve the right to amend, and/or add to this list of issue to be tried.

**(d)    The cases listed below (include both style and action number) are:**

(1)    Pending Related Cases:

<u>Plaintiff's Statement</u>:    None. Plaintiff is not aware of any related or overlapping cases that would necessitate consolidation or coordination with this matter. The existence of unrelated cases filed in other contexts does not alter the classwide and case-specific issues presented here.

<u>Defendant's Statement</u>:

*Radvansky v. Kendo Holdings, Inc*., No. 3:2023-cv-00214 (N.D. Ga.)

*Radvansky v. Health Tech Academy LLC*, No. 3:2025-cv-00012 (N.D. Ga.)

*Radvansky v. Destination XL Group, Inc.*, No. 1:2025-cv-02777 (N.D. Ga)

*Radvansky v. Comfortwear Collections Int'l Inc.*,

No. 1:2025-cv-02810 (N.D. Ga.)

*Radvansky v. 1-800-Flowers.com, Inc*., No. 1:2025-cv-02811 (N.D. Ga.)

*Radvansky v. Nip & Tuck Plastic Surgery, LLC*,

No. 1:2025-cv-03502 (N.D. Ga.)

(2)     Previously Adjudicated Related Cases:

None.

**2. This case is complex because it possesses one (1) or more of the features listed below (please check):**

  x     (1)  Unusually large number of parties
        (2)  Unusually large number of claims or defenses
  x     (3)  Factual issues are exceptionally complex
  x     (4)  Greater than normal volume of evidence
  x     (5)  Extended discovery period is needed
        (6)  Problems locating or preserving evidence
        (7)  Pending parallel investigations or action by government
  x     (8)  Multiple use of experts
        (9)  Need for discovery outside United States boundaries
        (10) Existence of highly technical issues and proof
        (11) Unusually complex discovery of electronically stored information

**3. Counsel: The following individually-named attorneys are hereby designated as lead counsel for the parties:**

Lead counsel for Plaintiff:     Anthony Paronich
                                  Paronich Law, P.C.

Lead counsel for Defendant:   Jeffrey A. Backman
                                  Greenspoon Marder LLP

**4. Jurisdiction:**

Is there any question regarding this court's jurisdiction?

☐ **Yes**        ☒ **No**

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss

separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5. **The names of necessary parties to this action who have not been joined and any questions of misjoinder of parties and inaccuracies and omissions regarding the names of parties.**

**<u>Parties to This Action</u>:**

(a)    The following persons are necessary parties who have not been joined:

<u>Plaintiff's Response</u>: To the extent Defendant used any vendor to send any of the subject text messages, Plaintiff may add the vendor to this matter as a party-defendant once Plaintiff learns, through discovery, of the identity of any vendor used by Defendant and the extent to which the vendor participated in sending the telemarketing calls at issue.

<u>Defendant's Response</u>:   At present Defendant is not aware of any such persons.

(b)    The following persons are improperly joined as parties:

None.

(c)    The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

None.

(d)    The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any

contentions regarding misjoinder of parties or errors in the statement of a party's name.

6.    **Amendments to the Pleadings:**

**Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in Local Rule 15.**

(a)    List separately any amendments to the pleadings which the parties anticipate will be necessary:

None at this time.

(b)    Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

7.    **Filing Times for Motions:**

**All motions should be filed as soon as possible. The local rules set specific filing limits for some motions.  These times are restated below.**

**All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later.  Local Rule 7.1A(2).**

*(a)*    ***Motions to Compel:***  before the close of discovery or within the extension period allowed in some instances.  Local Rule 37.1.

*(b)*    ***Summary Judgment Motions:***  within thirty (30) days after the close of discovery, unless otherwise permitted by court order.  Local Rule 56.1.

8

*(c)    Other Limited Motions:*  Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

*(d)    Motions Objecting to Expert Testimony:*  Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted.  Refer to Local Rule 7.2F.

The parties propose and request the deadline by which Plaintiff must file a motion for class certification be nine (9) months from the date of entry of this Scheduling Order.

The parties propose and request the deadline by which the parties must file dispositive motions should be sixty (60) days from the date the Court rules on Plaintiff's motion for class certification.

The parties propose and request the below expert disclosure schedule:

Plaintiff to disclose expert(s) by March 6, 2026;

Defendant to disclose expert(s) and/or any rebuttal expert(s) by April 6, 2026; and

Plaintiff to disclose any rebuttal expert(s) by May 4, 2026.

**<u>Initial Disclosures</u>:**

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection:

None.

8. **Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

Not applicable.

9. **Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in Local Rule 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

**Please state below the subjects on which discovery may be needed:**

The Plaintiff anticipates that discovery will be needed on the requisites of Fed. R. Civ. P. 23 in order to support an anticipated motion for class certification as well as the merits of Plaintiff's TCPA claims in order to prepare for trial, or to oppose any summary judgment motion that the Defendant may file. The Plaintiff will seek from the Defendant, or third parties retained on its behalf, (1) ESI regarding the calls placed in this case and any purported leads related thereto; (2) email and other communications related to telemarketing and any relationship with a vendor who made calls for the Defendant; (3) ESI related to any purported consent to receive calls; (4) Defendant's policies and procedures concerning TCPA compliance; and (5) telemarketing complaints received by Defendant and their responses thereto. Plaintiff intends to submit expert testimony relevant to class certification and that expert discovery prior to class certification will likely be necessary as a result.

Defendant anticipates seeking discovery from Plaintiff and other third parties regarding the elements of Rule 23, the elements of Plaintiff's claims and Defendant's Affirmative Defenses.  This discovery will likely include, but not be limited to, discovery of Plaintiff regarding the allegations in the Complaint, discovery of third parties who may have knowledge of the allegations in the complaint as well as knowledge of Plaintiff's activities and the use of his telephones (such as his carrier(s)), discovery of Plaintiff's litigation history and other discovery regarding

what appears to be a TCPA business enterprise, discovery of putative class members as to the various individualized issues that preclude class certification, and discovery as to Plaintiff's acquisition of the subject telephone number and his use of that telephone number and potentially other telephone numbers. Defendant also anticipates communications with putative class members to obtain testimony in support of its positions in this lawsuit.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

The parties do not believe that discovery should be conducted in phases. The parties currently do not anticipate that additional time may be needed.

The parties agree and request the deadline to complete discovery should be eight (8) months from the date of entry of this Scheduling Order.

10. **Discovery Limitations:**

What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.

None.

(b)    Is any party seeking discovery of electronically stored information?

☒    **Yes**        ☐    **No**

**If "yes,"**

      **(1)**    The parties have discussed the scope of the electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

      The parties have discussed the scope of discovery and have agreed to limit the scope as follows:  The parties agree that there is not extensive electronic information relative to this case.  The parties agree however to exchange discovery electronically and will provide documents in pdf, and if necessary native format and/or searchable PDFs.  If the parties cannot reach agreement on e-discovery issues, they shall jointly seek guidance from the Court.

      **(2)**    The parties have discussed the format for the production of electronically stored information (TIFF or .TIF files), Portable Document Format (PDF) or native, method of production (e.g., paper or disk), and the inclusion or exclusion of the use of metadata, and have agreed as follows:

      The parties have discussed the scope of discovery and have agreed to limit the scope as follows:  The parties agree that there is not extensive electronic information relative to this case.  The parties agree however to exchange discovery electronically and will provide documents in pdf, and if necessary native format and/or searchable PDFs.  If the parties cannot reach agreement on e-discovery issues, they shall jointly seek guidance from the Court.

**11.** **Other Orders:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

The parties intend to seek a protective order of confidentiality.

**12. Settlement Potential:**

**(a)    Counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference on _____ and that they participated in settlement discussions.  Other persons who participated in the settlement discussions are listed according to party.**

For Defendant:                          */s/ Anthony Paronich*

For Plaintiff:                          */s/*

**(b)    All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

☐    A possibility of settlement before discovery.

☒    A possibility of settlement after discovery.

☐    A possibility of settlement, but a conference with the judge is

needed.

☐    No possibility of settlement.

**(c)    Counsel ☐ do   ☒ do not intend to hold additional settlement conferences among themselves prior to the close of discovery.**

14

(d)    **The following specific problems have created a hindrance to settlement of this case.**

None at this time.

13. <u>**Trial by Magistrate Judge:**</u>

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

The parties ☐ **do**    ☒ **do not** consent to having this case tried before a magistrate judge of this court.

Respectfully submitted in this 8th day of October, 2025

*/s/ Anthony I. Paronich*
Anthony I. Paronich (admitted *pro hac vice*)
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
anthony@paronichlaw.com
*Counsel for Plaintiff and the proposed class*

*/s/ Jeffrey A. Backman*
GREENSPOON MARDER LLP
Jeffrey A. Backman (*pro hac vice*)
Roy Taub (*pro hac vice* application pending)
200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL 33316
Tel: (954) 491-1120
jeffrey.backman@gmlaw.com
roy.taub@gmlaw.com

Geoffrey A. Pette (*pro hac vice*)
Pette P.A.
12565 Orange Drive, Suite 411
Davie, Florida 33330
Telephone: 954-530-6647
Fax: 954-206-0938
Email: geoff@pettepa.com

Jonathan A. Page
InPrime Legal, Division of Page Law,
LLC
1640 Powers Ferry Road SE
Building 23, Suite 100
Marietta, GA 30067
Telephone: 770-285-7785
Fax: 770-285-7784
E-mail: jonathan@inprimelegal.com
Georgia Bar No. 481267

*Counsel for Defendant*
*Bubolo Medical, LLC*